No. 13926

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

TIMOTHY J. SCHOENDALLER and
BENOI SCHULTZ,

Defendant and Respondent.

Appeal from: District Court of the Ninth Judicial District,
Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
John P. Moore, County Attorney, Cut Bank, Montana
Larry Epstein argued, Deputy County Attorney, Cut Bank,
Montana

For Respondent:

Werner and Nelson, Cut Bank, Montana
James C. Nelson argued, Cut Bank, Montana
Aronow, Anderson, Beatty & Lee, Shelby, Montana
Bruce W. Moerer argued, Shelby, Montana

Submitted: March 2, 1978

Decided: MAY - 2 1978

Filed: MAY - 2 1978

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

The State of Montana appeals from an order of the District Court, Glacier County, suppressing all evidence obtained in the search of an automobile operated by Benoi Schultz and occupied by Timothy Schoendaller. The State further appeals from the order of the District Court dismissing criminal charges against Schoendaller.

On the evening of February 4, 1977, at approximately 8:55 p.m., two on-duty Cut Bank city police officers, riding together in their patrol car, observed two vehicles stopped in the lanes of traffic on a street in the City of Cut Bank. The officers directed the vehicles to the side of the road and approached the drivers. One of the vehicles was driven by Schultz, accompanied by Schoendaller and a female juvenile.

Officer LaBane told Schultz the vehicles were stopped for violating a Cut Bank city ordinance which prohibited "stopping in the middle of the street" to talk. While standing beside the open driver's window of the Schultz vehicle, Officer LaBane detected the odor of marijuana and incense. Based on this detection the officer directed the occupants to exit the automobile and enter the rear seat of the police patrol car. Officer LaBane then requested Officer Babb to place his head in the window of the Schultz automobile to see if he could detect the odor of marijuana. Upon obtaining Officer Babb's confirmation that he too detected the odor of marijuana, Officer LaBane requested Schultz's permission to search the automobile. When permission was denied, Officer LaBane proceeded to search the automobile. Marijuana, mellaril pills and drug smoking paraphernalia were found in the rear seat of the automobile.

A hashish pipe was found on the floor beside the front passenger seat. Officer LaBane returned to his patrol car and formally arrested the defendants and female juvenile, based upon the evidence confiscated in his search. A wrecker was dispatched to pick up the car and it was impounded at the police station. Upon arrival at the police station, Officer Babb conducted a body search of defendants which disclosed a "white rock" marijuana pipe found in the pants pocket of Schoendaller.

On February 8, 1977, defendants were charged in justice court, Glacier County, for the misdemeanor crime of criminal possession of dangerous drugs. The District Court subsequently granted the State leave to file Informations charging defendants. On February, 23, 1977, the Glacier County attorney filed Informations charging defendants with the crime of criminal possession of dangerous drugs (a quantity of marijuana weighing less than 60 grams), a misdemeanor in violation of section 54-133, R.C.M. 1947. Defendants entered pleas of not guilty and entered motions to suppress all evidence obtained by the police without a search warrant. The causes were consolidated for the purpose of hearing the motions to suppress.

On April 6, 1977, the District Court conducted a hearing on the motions to suppress. Briefs in support of and in opposition to the motions to suppress were submitted to the District Court. On July 11, 1977, the District Court issued its findings of fact, conclusions of law and order granting Schultz's motion to suppress on the grounds:

> "* * * The seizing officer, by his testimony and conduct, did not have reasonable cause to believe the contents of the automobile offended against the law. Therefore, probable cause sufficient for a search, separate from probable cause for an arrest, did not exist."

On the same day, the District Court issued its findings of fact, conclusions of law and order granting Schoendaller's motion to suppress and motion to dismiss on the same grounds and added:

> "* * * To bring a charge against the defendant herein, more than mere presence in the place where a search is made without further proof of probable cause is insufficient to justify an arrest."

The State raises two issues for review:

1. Whether a police officer's detection of the odor of marijuana emanating from inside an automobile is sufficient probable cause for the warrantless search of the automobile and the subsequent arrest of the occupants on the basis of evidence seized in the search?

2. Whether the presence of Schoendaller in the automobile constituted sufficient probable cause for (1) his arrest on the basis of evidence seized in the warrantless search of the automobile and (2) the subsequent search of his person at the police station and the seizure of evidence?

The law of search and seizure is codified as Chapter 7, Title 95, Revised Codes of Montana. Section 95-701, R.C.M. 1947, specifically provides:

> "Searches and seizures--when authorized. A search of a person, object or place may be made and instruments, articles or things may be seized in accordance with the provisions of this chapter when the search is made:
>
> "(a) As an incident to a lawful arrest.
>
> "(b) With the consent of the accused or of any other person who is lawfully in possession of the object or place to be searched, or who is believed upon reasonable cause to be in such lawful possession by the person making the search.
>
> "(c) By the authority of a search warrant.
>
> "(d) Under the authority and within the scope of a right of lawful inspection granted by law."

The facts of the present case demonstrate a clear absence of either search and seizure incident to a lawful arrest, consent or search pursuant to a valid search warrant. Thus, the question becomes whether the instant search and seizure is authorized under subparagraph (d), " * * * within the scope of a right of lawful inspection granted by law."

The United States Supreme Court long ago announced the rule of law applicable to the warrantless search and seizure of an automobile:

> "On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. The Fourth Amendment is to be construed in the light of what was deemed an unreasonable search and seizure when it was adopted, and in a manner which will conserve public interests as well as the interests and rights of individual citizens.
>
> "* * *
>
> "* * * In cases where the securing of a warrant is reasonably practicable, it must be used, and when properly supported by affidavit and issued after judicial approval protects the seizing officer against a suit for damages. In cases where seizure is impossible except without warrant, the seizing officer acts unlawfully and at his peril unless he can show the court probable cause." Carroll v. United States, (1925), 267 U.S. 132, 149, 156, 45 S.Ct. 280, 69 L.Ed. 543, 549, 552.

Carroll and its progeny clearly distinguish the right to search an automobile and seize evidence from the right to arrest:

> "* * * The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." 267 U.S. 158, 159.

See also:  Chambers v. Maroney, (1970), 399 U.S. 42, 90 S.Ct. 1975, 26 L ed 2d 419; Coolidge v. New Hampshire, (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L ed 2d 564.

We find no error in the police officer's initial detention of defendants. Schultz was in violation of a Cut Bank city ordinance when he stopped his vehicle in the street for the purpose of conversing with the driver of another vehicle, similarly blocking the street.  The crucial question is whether the officer's detection of the old odor of incense and marijuana smoked sometime in the past emanating from the automobile is sufficient probable cause for Officer LaBane's entry into the automobile, lacking any exigent circumstances, for the warrantless search of the automobile and the subsequent arrest of the occupants on the basis of evidence seized in the search.

In State v. Spielmann, Christenson, (1973), 163 Mont. 199, 205, 516 P.2d 617, this Court cited with approval the following definition of probable cause:

> "One need not have evidence which would justify conviction; probable cause exists if the facts and circumstances known to the officer would warrant a prudent man in believing that the offense has been or is being committed.  On the other hand, probable cause means more than a bare suspicion, the line between mere suspicion and probable cause 'must be drawn by an act of judgment formed in the light of the particular situation and with account taken of all the circumstances.'"  United States v. Thompson, (3rd Cir. 1970), 420 F.2d 536, 539.

The State has cited some border patrol cases which involve smoke and burning marijuana but these are easily distinguishable by virtue of the circumstances existing at national borders in terms of national self-protection.  But those lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless a competent official authorized to search has probable cause for believing that vehicles are

-6-

carrying contraband or illegal merchandise.  Carroll v.
United States, supra. The border patrol cases are not persuasive
when applied to the facts of the present case in light of
right to privacy and search and seizure protections guaranteed
by the United States Constitution and the 1972 Montana
Constitution.

Additional case authority cited by the State involves
warrantless searches conducted after investigatory officials
under different circumstances detected the odor of presently
burning marijuana.  Here, Officer LaBane testified at the
suppression hearing:  "I asked for Mr. Schultz's driver's
license and at the same time I smelled a strong odor of
marijuana in the car along with that of some incense or
something, and * * * ."  Officer LaBane further testified
that although marijuana has a very distinctive odor, he
could not determine whether defendants were smoking marijuana
when the police officers came upon them or whether marijuana
had been smoked in the automobile within the previous hour
or more.  Officer LaBane did agree that the mere odor of
marijuana might linger in an automobile for more than a day.

The police conducted their warrantless search on the
basis of "* * * a strong odor of marijuana in the car along
with that of some incense or something* * *" and lacking any
exigent circumstances, such perception falls closer to the
realm of bare suspicion than probable cause.  We do not deny
police officers the right to rely on their sense of smell to
confirm their observations.  However, to hold that an odor
alone, absent evidence of visible contents, is deemed equi-
valent to plain view might very easily mislead officers into
fruitless invasions of privacy where there is no contraband.

-7-

There is very little dispute concerning the applicable law in this matter. However, close question presents itself on the facts involved. Again, this Court is faced with a cold record, while the District Court heard the evidence and had the opportunity to observe the demeanor and conduct of each witness. As a result the law instructs this Court that the District Court's judgment comes to us with a presumption of correctness and the State here must overcome this presumption by a preponderance of the evidence. This burden has not been met.

Therefore we must conclude the police officers did not have sufficient probable cause to search the automobile driven by Schultz. Evidence unconstitutionally seized during the search was properly suppressed by the District Court. Since the subsequent arrest of Schoendaller and the search of his person was the fruit of the unlawful search and seizure, the District Court properly suppressed evidence seized from Schoendaller and properly granted Schoendaller's motion to dismiss.

The orders of the District Court granting defendant's motions to suppress and Schoendaller's motion to dismiss are affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____
Justices

_____
Hon. L. C. Gulbrandson, District
Judge, sitting in the vacant seat
of the Court.

Mr. Justice John C. Harrison dissenting:

I dissent. This Court has twice in the recent past dealt with cases considering whether the odor of marihuana constitutes probable cause for arrest and search. State v. Hull, (1971), 158 Mont. 6, 487 P.2d 1314; State v. Bennett, (1972), 158 Mont. 496, 493 P.2d 1077. While in Hull the officers had been notified that a pot party was in progress, a fact not present in the instant case, one of the controlling factors in this Court's affirming the conviction was the aroma of burning or burnt marihuana emanating from the residence. There, like here, no marihuana or hashish was visible when the officers went into the home.

In Bennett, the officers smelled the marihuana when they entered the apartment building, and before going upstairs to the apartment occupied by the defendants. While Hull and Bennett differ factually from the instant case, I believe they have until now stood for the proposition that the odor of burning or burnt marihuana gives officers probable cause to search and arrest.

California, in an opium case, found sufficient cause to search and arrest in People v. Bock Leung Chew, (1956), 142 Cal. App.2d 400, 298 P.2d 118. Also California, in a case where the smell of marihuana odors came from a hotel room, the court upheld a conviction. Vaillancourt v. Superior Court for County of Placer, 273 Cal.App.2d 791, 78 Calif. Rptr. 615 (1969).

In Arizona the court allowed the search of an automobile trunk from which a "very faint" odor of marihuana was detected. State v. Zamora, (1977), 114 Ariz. 75, 559 P.2d 195, 197. This case, like the one before us, was an automobile case and I would adhere to the rule established there, that:

"* * * The odor of marijuana is in itself enough to provide probable cause to initiate a search. * * * Nor is there any requirement that it be a strong odor."

Police officers have to use not only good judgment in handling cases of this type, but must rely much on their three senses - sight, smell and hearing. To limit them to sight and hearing, and not smell will, in my opinion, make their difficult task even more difficult.

I would overrule the District Court and reinstate the State's criminal charge.

John Conway Harrison
Justice.