OPINION
Appellant-defendant Robert O. Jones III appeals his conviction and sentence in the Ashland County Common Pleas Court on one count of possession of marijuana in violation of R.C.2925.11(A). Appellee is the State of Ohio. Appellant assigns one error to the trial court:
ASSIGNMENT OF ERROR
 I. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS THE WARRANTLESS SEARCH OF HIS AUTOMOBILE, WHERE THE TRIAL COURT RECOGNIZED A "PLAIN SMELL" EXCEPTION TO THE WARRANT REQUIREMENTS OF THE FOURTH AMENDMENT.
On June 1, 1997, at approximately 4:20 p.m., appellant was driving south on interstate 71 in Ashland County with his cousin Kimani Jones. Ohio Highway Patrol Trooper David Keener was monitoring southbound traffic on interstate 71 from the median strip. Keener alleged appellant was following the car in front of him at an unsafe distance. Furthermore, Keener allegedly noticed a crack in appellant's windshield as he passed. Keener decided to stop appellant in order to warn him of the consequences of following too closely, and of having a cracked windshield. Keener did not intend to issue a citation to appellant for either violation.
Keener stopped the car about one mile down the highway, and approached the passenger side of the vehicle. Keener testified as he approached the car, he smelled the odor of burnt marijuana emanating from the interior of the car. Keener placed appellant in the front passenger seat of his cruiser, and radioed his dispatcher to check the validity of appellant's driver's license. Appellant's license was valid. Keener began to question appellant about marijuana. As Keener continued the questioning, appellant became nervous. Appellant testified Keener was verbally aggressive and repeatedly asked permission to search appellant's automobile. Keener placed appellant and his passenger in the back seat of the patrol car and conducted a search of appellant's car. Keener found no traces of marijuana or other contraband in the passenger compartment of appellant's car. After searching the passenger compartment of the car for approximately five minutes, Keener took the keys from the ignition of appellant's vehicle, and opened the trunk. In the trunk, Keener found four pounds of marijuana. Keener arrested appellant for possession of marijuana.
Appellant was indicted for one count of possession of marijuana on June 25, 1997. Appellant filed a motion to suppress the evidence taken from the trunk of his car. After a suppression hearing was conducted and briefs were submitted on the issues raised at the hearing, the trial court overruled the motion to suppress. After the adverse ruling on his motion to suppress, appellant plead no contest to the indictment. The trial court sentenced appellant to four years in prison.
In his sole assignment of error, appellant maintains the trial court erred in not suppressing evidence found in the trunk of his car. Appellant contends the smell of marijuana emanating from his vehicle did not provide Keener with probable cause to search it. Therefore, appellant argues, Keener's search was illegal and the evidence found in the trunk of appellant's car should be suppressed.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger (1993),86 Ohio App.3d 592. Secondly, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. See: State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93,96, State v. Claytor (1993), 85 Ohio App.3d 623,627, 620 N.E.2d 906, 908, and State v. Guysinger
(1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." In this case, we are concerned with whether the trial court decided the ultimate issue raised in the motion to suppress. Therefore, we must independently determine whether the facts of this case warranted a search of the trunk of appellant's vehicle.
When a law enforcement officer stops a motorist, it is a seizure which is controlled by Fourth Amendment protections.Michigan v. Chesternut (1988), 486 U.S. 567. However, the protections of the Fourth Amendment do not apply as strictly to automobile searches as they do in other cases. United States v.Ross (1982), 456 U.S. 798. With some limited exceptions, a police officer having probable cause to believe evidence of a crime will be found in an automobile may conduct a search of any part of the vehicle which could reasonably contain the evidence without obtaining a warrant. Id. Probable cause for such a warrantless search of an automobile exists only if specific circumstances known to the officer at the time he conducted the search are sufficient to lead a reasonable person to believe there is evidence of a crime in the place to be searched. Beck v. Ohio
(1964), 379 U.S. 89; United States v. Ventresca (1965),380 U.S. 102; Ross, supra, at 456.
In Ohio, the question of whether the smell of burning marijuana provides probable cause for the search of a vehicle is undecided. In State v. Younts (1993), 92 Ohio App.3d 708, the Twelfth District found the smell of burning marijuana alone is not sufficient to justify the search of a vehicle. The Twelfth District later revisited this decision, but continued to hold the smell of marijuana alone does not justify a warrantless search.State v. Caldwell (Nov. 27, 1995), 12 Dist. App. No. 695055, unreported. In State v. Garcia (1986), 32 Ohio App.3d 38, the Ninth District Court of Appeals held the smell of marijuana alone may provide a basis for warrantless searches of automobiles. In other jurisdictions, case law exists which both supports and rejects a "plain smell" exception to the Fourth Amendment when the odor of marijuana is detected. Compare State v. T.T. (1992),594 So.2d 839 and State v. Schoendaller (1978), 176 Mont. 376, 382.
We recognize odors may provide reliable evidence a crime is occurring. Johnson v. United States (1948), 333 U.S. 10. However, the location and/or nature of an object generating a particular odor is often uncertain. Odors may well persist in locations after the object which generated them is long gone, or be carried by the movement of air to locations where the object which originally created the odor was never present. Furthermore, claims of suspicious odors are ephemeral, and thus are more easily manufactured than claims of contraband in plain sight. It is therefore appropriate to weigh evidence of suspicious odors differently than visual evidence. Accordingly, we find suspicious odors must be confirmed by tangible evidence in order to justify a search. This approach is well supported by case law. See, New Yorkv. Belton (1981), 453 U.S. 454 (search justified by the smell of marijuana and an envelope marked "supergold" in plain view. "Supergold" is a name used to describe high quality marijuana of a specific variety); Younts, supra; Caldwell, supra; State v.Geisler (Aug. 6, 1996), Ohio App. 4 Dist. No. 490122, unreported. (Search justified by the odor of marijuana and plain view of a bag of marijuana); State v. Durbin (Dec. 20, 1995) Ohio App. 9 Dist. No. 752690, unreported. (Search justified by the odor of marijuana and plain view of marijuana). As Keener's search of appellant's vehicle was predicated on the odor of marijuana alone, it was illegal.
Even if the warrantless search of the automobile passenger compartment was justified, the search of appellant's trunk in this case was still unconstitutional. Keener's search of appellant's trunk was valid only if he had probable cause to believe he would find evidence of a crime in the trunk. Ventresca, supra. The appellee relies upon Ross, supra, to justify the search of all parts of a vehicle when probable cause to believe evidence of a crime exists within it. In Ross, the United States Supreme Court held officers may search an entire vehicle if they believe it contains contraband. Ross, supra, at 456. It is important to note in Ross this broad power to conduct searches is predicated on a specific requirement the officers have probable cause to believe evidence is hidden in an unknown location on or in the vehicle to be searched. Id. Thus the power to search an entire vehicle is not operative if officers have probable cause to believe contraband may be hidden in only one part of the vehicle. Just as officers may not search a container which could not reasonably hold the contraband they seek, officers may not search where they have no probable cause to believe contraband is hidden. Id. at 457-458.
The scope of a warrantless search of an automobile thus is not defined by the nature of the container in which the contraband is secreted. Rather, probable cause is defined by the object of the search and the places in which there is probable cause to believe the contraband may be found. Just as probable cause to believe a stolen lawnmower may be found in a garage will not support a warrant to search an upstairs bedroom, probable cause to believe undocumented aliens are being transported in a van will not justify a warrantless search of a suitcase. Probable cause to believe a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab. Ross, supra at 458.
In this case, Trooper Keener claims he smelled the distinctive odor of burning marijuana emanating from appellant's automobile. We do not find this evidence, standing alone, to be sufficient to provide the probable cause necessary to search the trunk of appellant's vehicle. The odor of burning marijuana, when supported by tangible evidence, and considered in the totality of the circumstances surrounding the search, may provide probable cause for the belief a person has recently indulged in the use of marijuana, and/or may have a small quantity of the substance on his or her person or in the area within his or her immediate control. However, the smell of burning marijuana, standing alone, cannot be used to justify the search of an area where that smell does not indicate evidence of the crimes of marijuana use or possession could reasonably be located. Accordingly, we find that the smell of burning marijuana does not provide an adequate basis for a reasonable belief that contraband may exist in the locked trunk of an automobile. After all, one does not burn marijuana in the trunk of a moving vehicle.
We conclude that, under the facts of this case, the smell of burning marijuana is insufficient to provide probable cause to search the trunk of appellant's vehicle. Since the search Keener conducted of appellant's trunk was illegal, all evidence acquired as a result of that search should have been suppressed. UnitedStates v. Crews, (1980), 445 U.S. 463; Blanchester v. Hester, (1992) 81 Ohio App.3d 815. The trial court erred in not sustaining appellant's motion to suppress.
Appellant's assignment of error is sustained.
This case is remanded to the trial court for action consistent with this opinion and the law.
For the foregoing reason, the judgment of the Court of Common of Ashland County, Ohio, is reversed and the matter is remanded to that court with instructions to suppress the evidence and proceed according to law and consistent with this opinion.
By Gwin, J., Farmer, P.J., and Wise, J., concur.
 Concurring Opinion