**CITY OF ASHLAND**

v.

**DAILEY.**

Ashland Municipal Court, Ohio.

No. 99–CR–B–1032.

Decided Dec. 6, 1999.

*Richard P. Wolfe II,* Ashland Director of Law, for plaintiff.

*Michael R. Fegen,* for defendant.

HUGH I. TROTH, Acting Judge.

On August 31, 1999, the defendant, Darla L. Dailey, was arrested and hand-cuffed outside her home by two Ashland police officers, based upon a warrant issued by the Shelby Municipal Court.

The Ashland police officers were not aware that the bench warrant that had been issued by the Shelby Municipal Court, which is located in an adjoining county, should have been recalled because the defendant had paid the fine involved on August 6, 1999.

The defendant advised the police officers that she had paid the fine for a violation of a seat belt law and had the receipt to prove it. The officers had heard that story before and ignored the protestations of the defendant.

At the time of the arrest in Ashland, the defendant was found outside her home by the officers. When the officers found out that she was the defendant they were seeking, they placed handcuffs on her and told her that she would be taken to the Ashland Police Department for processing. Subsequent to the arrest and while in handcuffs, the defendant Dailey explained to the officers that she was concerned about her three-year-old child, who was inside her residence sleeping. The officers, with Darla L. Dailey's permission, went inside to check upon the child and found the child was sleeping. However, when the officers went inside the house to check the child, they smelled marijuana and found a plate with what the officers believed to be marijuana stems, shake seeds, and leftovers. The defendant denied that the marijuana was hers. The officers proceeded to search the house and called for another officer, who had a dog trained to locate illicit drugs. The search continued for one and one-half hours.

No search warrant had been requested, nor was one obtained by the officers. The evidence illicited at the hearing indicated that a thorough search had been made of the premises and, in effect, the items that were found were illicit drug paraphernalia. The house was left "trashed." The defendant filed a motion to suppress any evidence obtained during the warrantless search of her premises.

The issue before this court is whether the drug paraphernalia that was found due to an existing but defective warrant should be admitted into evidence. The Fourth Amendment to the Constitution of the United States states:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The Supreme Court of the United States in *United States v. Leon* (1984), 468 U.S. 897, 906, 104 S.Ct. 3405, 3411–3412, 82 L.Ed.2d 677, 687–688, held that such evidence obtained should be excluded so that the police officers in the future do not violate Fourth Amendment rights. The exclusionary rule would be a general deterrent and would keep officers from violating a citizen's rights. Later, the Supreme Court held that there is a difference in errors committed by clerical employees as in the Darla L. Dailey case and errors committed by the police officers themselves.

In the Darla L. Dailey case presently before this court, it is important to note that the defendant was arrested outside her home and was handcuffed. There was no evidence that the officers were in jeopardy as to possible hidden or unknown weapons.

The major case on the subject of exclusion of evidence obtained by reason of a warrant that was improper is the case styled *Arizona v. Isaac Evans,* 514 U.S. 1, 115 S.Ct. 1185, 131 L.Ed.2d 34, No. 93–1660, argued December 7, 1994 and decided March 1, 1995.

Evans was arrested on a warrant that had actually been quashed but not withdrawn. The officers were not aware that the warrant had been quashed. After the arrest, the officers found marijuana in Evan's car. The issue was whether the finding of the marijuana and its use in the trial should be suppressed.

The Supreme Court of the United State held in *Evans* that evidence seized in violation of the Fourth Amendment to the Constitution as a result of clerical errors of court employees fell within the good-faith exception to the exclusionary rule and thus the motion to suppress would be overruled and the marijuana so found could be used in evidence against the defendant on a new charge of possessing marijuana.

The Supreme Court held that "the issue of exclusion is separate from whether the Fourth Amendment has been violated." *Id.,* 514 U.S. at 13, 115 S.Ct. at 1192–1193, 131 L.Ed.2d at 46.

Chief Justice Rehnquist drafted the opinion in *Evans.* Justice O'Connor filed a concurring opinion in which Justices Souter and Breyer joined.

Justice Souter filed a concurring opinion in which Justice Breyer joined. Justice Stevens filed a dissenting opinion. Justice Ginsberg filed a dissenting opinion in which Justice Stevens joined.

To illustrate questions concerning the suppression of evidence seized as a result of an illegal warrant, one should read the opinions mentioned above. It is obvious that the Supreme Court of the United States is concerned and is not in agreement concerning searches through the use of an illegal warrant.

An Ohio case as recent as *State v. Warren* (1998), 129 Ohio App.3d 598, 718 N.E.2d 936, decided August 28, 1998 and not published in the Advance Sheets until November 22, 1999, applies. The Court of Appeals for Hamilton County held that crack cocaine obtained should be suppressed and excluded from the criminal proceedings.

In the *Warren* case, the court held that the Fourth and the Fourteenth Amendments to the United States Constitution prohibit warrantless searches and seizures. "Unless an exception applies, warrantless searches are *per se* unreasonable." *Id.*, 129 Ohio App.3d at 602, 718 N.E.2d at 939.

Upon a reading of the cases, it would appear that the search of a residence, which was specifically mentioned in the Fourth Amendment to the Constitution by use of the word "houses," is perhaps more important than a warrantless search of an automobile (which had not yet been invented).

In *State v. Younts* (1993), 92 Ohio App.3d 708, 637 N.E.2d 64, the court found the "plain smell" of marijuana in an auto did not give probable cause to search. "Probable cause must be based upon objective facts that could justify issuance of a warrant by a magistrate." 92 Ohio App.3d at 711, 637 N.E.2d at 67. See, also, *State v. Gough* (1986), 35 Ohio App.3d 81, 519 N.E.2d 842,

In the case before the court, the officers were aware that when they made the arrest of the defendant outside her home, that the charge was a minor one, *i.e.*, a seat belt violation, and that while they had a perfect right to make the arrest even though the warrant should have been withdrawn by the Shelby Municipal Court, this was not a major event. Not until the defendant explained that her child was inside did the officers go into the house with the consent of defendant. Upon going inside, they smelled marijuana and subsequently found drug paraphernalia.

The police officers found the time and the methods to make a search with the dog. Because it was in the evening, the officers apparently felt that they did not have the time to obtain a warrant.

The original arrest and the subsequent charge are misdemeanors.

It is the court's opinion that the search without a warrant in this case was not reasonable and was in clear violation of the Fourth Amendment to the Constitution of the United States and that any evidence of drug paraphernalia obtained during the search should be excluded. The defendant's motion to suppress is therefore granted.

*Motion to suppress granted.*

## JUDGMENT ORDER IN RESPONSE TO STATE'S
## MOTION FOR CLARIFICATION

### Decided Feb. 4, 2000

HUGH I. TROTH, Acting Judge.

In response to the state's motion for clarification, the court has reviewed its Opinion and Judgment Order and the transcript of the testimony at the original hearing on the motion to suppress.

The only issue is whether the "plain view" items should be suppressed.

The items found in the kitchen, scale, pipe, and ashtray, were found by Officer Evans, who did not testify. These items are found by the court not to have been in "plain view."

All of the exhibits obtained by the police in their warrantless search are clearly excluded, with the exception of the "plate with marijuana stem shake seeds, like leftover."

A review of the testimony on this item reveals that Officer Stacy Wendling testified that the plate was in "plain view," which might bring this exhibit under the good-faith exception to the general suppression of all exhibits obtained by an illegal search.

The officers were invited into the defendant's apartment to check on the defendant's sleeping three-year-old child. The officers smelled marijuana and their senses were alerted. They then began searching.

Officer Wendling found in "plain view" the plate with marijuana on the desk. Then she testified that it was "right on top of the dresser."

It was a plate with marijuana residue and stems. In the officer's handwritten report, it was an ashtray full of marijuana. The two bongs were found by the K–9 during its search, apparently in a closet of boxes. Here the state admitted that these two pipes were not admissible. In Officer Wendling's report, she wrote that she saw the two bongs in open view.

On page 21 of the record the officer explains her understanding of the law:

"It's the same as being in a car, we can seize something in plain view and if a dog hits on it, that gives us probable cause to tear that car apart basically to look for drugs, that's why the dogs are trained in that."

The court is of the opinion that the officer was trying too hard to make the facts of this case fit her understanding of the law.

It is ordered that *all* items seized in this warrantless search be suppressed.

*So ordered.*