DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas that granted appellee Alex Alge's motion to suppress evidence. For the reasons that follow, this court reverses the judgment of the trial court.
Appellant state of Ohio sets forth the following assignment of error:
 "ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT ERRED IN ITS HOLDING THAT A POLICE OFFICER'S SMELL OF BURNT MARIJUANA CANNOT BE SUFFICIENT PROBABLE CAUSE TO SEARCH AN AUTOMOBILE."
The undisputed facts that are relevant to this appeal are as follows. On March 23, 1999, appellee was a passenger in a car exiting the Ohio Turnpike at U.S. 250. At that time, Trooper Frank Day of the Ohio State Highway Patrol was working off-duty in traffic control for a construction company that was repairing the U.S. 250 overpass. Trooper Day, who was in uniform in a marked patrol car, stopped traffic on U.S. 250 when the construction workers began to place beams under the overpass. Day approached the car in which appellee was riding to explain the delay. When Day approached the car and the driver lowered the window, he saw smoke come out of the car and noticed the odor of what he suspected was burnt marijuana. Day called for a backup patrol unit and asked the driver to pull off the road. Day and another trooper then asked the occupants to step out of the car and they searched the vehicle. In a purse near the right rear passenger seat, the troopers found a small tin containing marijuana and cigarette rolling papers. The purse also contained appellee's photo identification.
Appellee was charged with possession of marijuana in violation of R.C. 2925.11(C)(3)(a) and possession of drug paraphernalia in violation of R.C. 2925.14(C)(1). On April 26, 1999, appellee filed a motion to suppress, and on May 17, 1999, the trial court heard testimony on the motion. On June 14, 1999, the trial court granted appellee's motion.
In its sole assignment of error, the state asserts that the trial court erred by granting appellee's motion to suppress because the smell of burnt marijuana, by itself, coming from the car provided sufficient probable cause to justify the warrantless search.
When a law enforcement officer stops a motorist, the action is considered a seizure controlled by Fourth Amendment protections. Michigan v. Chesternut (1988), 486 U.S. 567. The protections of the Fourth Amendment, however, are not applied by the courts as strictly to automobile searches as they are to other cases, and with some exceptions, a police officer having probable cause to believe evidence of a crime will be found in an automobile may conduct a warrantless search of any part of the vehicle which could reasonably contain evidence. United States v.Ross (1981), 456 U.S. 454. Probable cause for such a warrantless search of an automobile exists only if specific circumstances known to the officer at the time he conducted the search are sufficient to lead a reasonable person to believe there is evidence of a crime in the place to be searched. Beck v. Ohio
(1964), 379 U.S. 89.
The trial court in this case stated that it must operate on the assumption that warrantless searches are improper unless a specific exception exists, and found that Ohio has not adopted the "plain smell" exception to the Fourth Amendment warrant requirement. Ohio courts disagree on the issue of whether the smell of burning or burnt marijuana alone provides probable cause for searching a vehicle and gives rise to the "plain smell" exception. The Ohio Court of Appeals for the Twelfth District has held that "the smell of raw marijuana alone is not sufficient to provide probable cause to search appellant's vehicle and that the warrantless search cannot be justified as a search incident to arrest." State v. Younts (1993), 92 Ohio App.3d 708, 714. The Twelfth District Court of Appeals revisited this issue in State v.Caldwell (Nov. 27, 1995), Warren App. No. 695055, unreported, where it found that the odor of marijuana, in conjunction with other circumstances, can help establish probable cause to search for contraband but the trial court must consider this factor in light of all other circumstances. In 1998, the Fifth District Court of Appeals held that suspicious odors must be confirmed by tangible evidence in order to justify a warrantless search. State v. Jones
(Aug. 3, 1998), Ashland App. No. 97-COA-01240), unreported. See also, State v. Haynes (Jul. 19, 1996), Portage App. No. 95-P-0007, unreported ("odor of marijuana, taken in combination with additional articulable facts, is sufficient to establish probable cause"); Statev. Fisher (Dec. 26, 1997), Portage App. No. 97-P-0026, unreported (odor of burnt marijuana along with defendant's "furtive movement" in car gave rise to probable cause for search).
In contrast, other Ohio courts have found that the odor of marijuana alone could provide probable cause for a warrantless search. In State v. Garcia (1986), 32 Ohio App.3d 38, the Ninth District Court of Appeals noted that the smell of marijuana alone has been held to provide probable cause for a warrantless search, particularly where the officers involved are experienced in its detection. In State v. Bird (Dec. 31, 1992), Washington App. No. 92CA2, unreported, the Fourth District Court of Appeals found that an officer's detection of the odor of marijuana upon approaching a vehicle provided the requisite probable cause. The Eighth District Court of Appeals has held that police officers had probable cause to search a defendant based on the smell of marijuana coming from his car. In the Matter of: Leon Coleman
(Dec. 30, 1993), Cuyahoga App. No. 65459, unreported. This issue was brought before this court in State v. Crowell (June 30, 1995), Williams App. No. WM-95-001, unreported. In Crowell, the state contended that the smell of raw marijuana coming from an automobile was sufficient, by itself, to justify a warrantless search. This court acknowledged that some Ohio courts have adopted the "plain smell" exception but ultimately did not reach that issue in Crowell because, in addition to smelling raw marijuana, the arresting officers saw cigarette papers on the console.
This court has carefully considered the facts of this case as well as the applicable law and, upon consideration thereof, we find that the trial court erred by granting appellee's motion to suppress. Trooper Day testified that when the driver lowered her window he saw smoke come from the car and smelled the distinctive odor of burnt marijuana. When Day told the driver that he smelled marijuana, she stated that she and her friends had just come from a concert and that the odor was probably coming from their clothing since several people near them had been smoking. Day testified that he has been a police officer since 1983, part of that time working with a canine unit, and stated that there have been other occasions when he has stopped a vehicle and smelled marijuana. Under the facts of this case, therefore, we find that the sight of smoke coming from the car, coupled with the smell of marijuana which was detected by a trained and experienced officer, provided sufficient probable cause to search the vehicle in which appellee was a passenger. Accordingly, appellant's sole assignment of error is well-taken.
On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Erie County Court of Common Pleas is reversed. This cause is remanded to that court for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ RICHARD W. KNEPPER, P.J. JUDGE
MELVIN L. RESNICK, J., JAMES R. SHERCK, J., CONCUR.