**UNITED STATES of America, Appellee,**

v.

**Robert L. CARDILLO, Defendant, Appellant.**

**No. 81–1898.**

United States Court of Appeals, First Circuit.

Submitted Feb. 4, 1983.

Decided June 3, 1983.

Robert L. Cardillo on brief, pro se.

Lincoln C. Almond, U.S. Atty., Providence, R.I., William C. Bryson, Atty., Dept. of Justice, Washington, D.C., and Edwin J. Gale, Sp. Atty., Dept. of Justice, Providence, R.I., on brief, for appellee.

Before COFFIN, Chief Judge, CAMPBELL and BREYER, Circuit Judges.

PER CURIAM.

Cardillo was convicted of possessing counterfeit United States coins with intent to defraud in violation of 18 U.S.C. § 485. He appeals, pro se, from that conviction.

He raises several arguments, the first of which concerns the denial of a motion to suppress the counterfeit coins. The coins were seized during an inventory search of the trunk of a car borrowed by Cardillo's son from a third party. At the time of the seizure of the car appellant was a passenger in it and his son was driving it. He thus lacked standing to contest the search. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1979); *United States v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). Since he had no standing to object, the motion to suppress was properly denied.

Cardillo next objects to the district court's decision to admit evidence of Cardillo's efforts to sell other counterfeit coins around the time of his arrest. The evidence was clearly relevant since 18 U.S.C. § 485 forbids not simple possession, but possession with intent to defraud. Proof of contemporaneous fraudulent sales of similar items would be highly probative of that intent.

Cardillo argues that admission violated Rules 403 and 404(b) Fed.R.Evid. As to the former appellant must show that the "probative value is substantially outweighed by the danger of unfair prejudice . . . ." Given the highly probative nature of the testimony and the modest chance of prejudice flowing from proof that one who possessed some counterfeit coins tried to sell others, we decline to say that the district court abused its discretion in admitting the testimony. *United States v. Gonsalves,* 668 F.2d 73, 75 (1st Cir.1982).

The claim under 404(b) is even weaker given that that provision specifically allows the admission of proof of other wrongs to prove intent.*

The fact that the other coins sought to be sold were counterfeit kruggerands whose possession is not criminal (*United States v. Falvey,* 676 F.2d 871 (1st Cir.1982)) is irrelevant to the admissibility of evidence about their sale to show intent.

Next appellant urges that 18 U.S.C. § 485 does not forbid the possession of non-negotiable United States currency. Assuming, *arguendo,* that $20 gold coins are not negotiable, we find no merit in the argument. This is a variation on the argument in *Falvey, supra,* and the variation is fatal. *Falvey* involved counterfeit foreign coins and held that the section did not reach *foreign* coins not in circulation and use in the United States. The rationale of *Falvey* does not apply to *United States* coins. *United States v. Yeatts,* 639 F.2d 1186, 1189 (5th Cir.), *cert. denied,* 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 976 (1981). Appellant's reliance on *California Federal Life Ins. Co. v. C.I.R.,* 680 F.2d 85 (9th Cir.1982), is also misplaced. That case simply holds that gold coins are not in circulation, a fact which the *Yeatts* court conceded but found irrelevant.

---

* In discussing this issue and in raising other issues appellant relies on affidavits obtained after trial and never made a part of the record in the district court. As such those documents are not before us, Rule 10(a) F.R.A.P., and we decline to discuss the issues they present.

Cardillo also alludes to some alleged contradictions in the testimony of certain police witnesses. He argues that the failure of the prosecution to disclose these contradictions to the defense violated his due process rights under *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, the alleged contradictions (most clearly described on pages 10–11 of his brief) relate to the legality of the search which he had no standing to challenge. He argues that their allegedly improper admission led to his conviction but establishes no other basis for the materiality finding required under *Agurs* and *Brady.* Since he had no standing to challenge the search the failure to reveal potential contradictions as to details of that search could not "create a reasonable doubt that did not otherwise exist . . . ." *United States v. Agurs, supra,* 427 U.S. at 112, 96 S.Ct. at 2402.

Next, Cardillo argues that he was deprived of the effective assistance of counsel. His arguments in this area are frivolous. He points to tactical choices he disagrees with (e.g. decision not to use a witness who was under indictment for a related offense); issues of law he thinks should have been raised but which were demonstrably frivolous (e.g., his allegation that counsel was wrong when he told him that a jury waiver would require consent of the United States); and other matters (e.g., failure to interview witnesses) which were not presented to the district court. On the showing in Cardillo's brief we find no basis for concluding that he was deprived of the effective assistance of counsel.

Finally, in a "supplemental" brief appellant seeks to raise an issue not raised in his statement of issues nor addressed in his opening or reply brief. That issue in part re-raises the admission of prior wrongful acts already discussed and suggests that, without that evidence, there was insufficient evidence to support a conviction. Since we have held that the evidence was properly admitted we need not discuss what effect its exclusion would have on this conviction.

The judgment of the district court is affirmed.