The STATE of Ohio, Appellee,

v.

HINES, Appellant.

[Cite as *State v. Hines* (1993), 92 Ohio App.3d 163.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1638.

Decided Sept. 28, 1993.

*Michael Miller,* Franklin County Prosecuting Attorney, and *Joyce S. Anderson,* Assistant Prosecuting Attorney, for appellee.

*Judith M. Stevenson,* Franklin County Public Defender, and *David L. Strait,* Assistant Public Defender, for appellant.

———————

REILLY, Judge.

Defendant-appellant, Larry D. Hines, appeals from his conviction of one count of carrying a concealed weapon. Defendant raises the following assignment of error:

"The trial court committed reversible error by overruling a defense motion to suppress the results of a search conducted in violation of the rights of appellant arising under the Fourth and Fourteenth Amendments to the United States Constitution and Section 14, Article I of the Constitution of the State of Ohio."

On December 27, 1991, defendant was stopped by Officer Kallstrom for failure to use a turn signal. Officer Kallstrom testified that as she approached the vehicle, she observed defendant make many motions in the vehicle which made her concerned for her safety. Officer Kallstrom requested defendant's driver's license; however, defendant stated that he did not have it with him. At that time, Officer Kallstrom asked defendant to step out of the vehicle, escorted him to the police wagon, patted him down for weapons, and asked him to sit in the police wagon. Officer Kallstrom found no weapons on defendant's person. After conducting a warrant check, Officer Kallstrom learned that defendant had two warrants: one for disorderly conduct and one for failure to use a seat belt. Additionally, Officer Kallstrom learned that defendant's license had been revoked. Defendant was placed under arrest for all three reasons.

At this point, other officers had arrived at the scene and defendant was searched by a male officer. Officer Kallstrom proceeded to search under the driver's seat and the passenger seat of the vehicle, where she recovered a .25 caliber semi-automatic handgun. She did not impound the vehicle but, instead, left it with the owner, who was defendant's sister. Defendant was thereafter arrested and charged with one count of carrying a concealed weapon. Prior to trial, defendant raised a defense motion to suppress the results of the search, asserting that it was unconstitutional. The trial court overruled the motion to suppress. Defendant then changed his plea to one of no contest and the trial court entered judgment accordingly.

By his only assignment of error, defendant contends that the search of the car was conducted in violation of his rights under the Fourth and Fourteenth Amendments and, therefore, the trial court committed reversible error by

overruling defendant's motion to suppress the evidence produced from the unlawful search.

▇ It is plaintiff's contention that defendant has no standing to raise the constitutionality of the vehicle search. Plaintiff bases this contention on the fact that the car is owned by defendant's sister.

▇ The ability to claim the protections of the Fourth and Fourteenth Amendments depends upon whether the person who claims the protections of the amendments has a legitimate expectation of privacy in the invaded place. *Rakas v. Illinois* (1978), 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387, 400–401. One who is lawfully in possession of an automobile, though not the title owner, has a legitimate expectation of privacy in the vehicle and, therefore, has standing to assert a Fourth Amendment claim arising out of the unlawful search of the vehicle. *United States v. Martinez* (C.A.5, 1987), 808 F.2d 1050, 1056; *United States v. Rose* (C.A.8, 1984), 731 F.2d 1337, 1343, certiorari denied (1984), 469 U.S. 931, 105 S.Ct. 326, 83 L.Ed.2d 263; *United States v. Griffin* (C.A.7, 1984), 729 F.2d 475, 483, certiorari denied (1984), 469 U.S. 830, 105 S.Ct. 117, 83 L.Ed.2d 60; *United States v. Tragash* (S.D.Ohio 1988), 691 F.Supp. 1066; *State v. Steele* (1981), 2 Ohio App.3d 105, 2 OBR 118, 440 N.E.2d 1353.

The record indicates that defendant was not unlawfully in possession of the vehicle at the time of the search. The record shows that Officer Kallstrom had a lengthy conversation with the owner of the vehicle and at no time did the owner of the vehicle assert that defendant did not have permission to use the car. Therefore, plaintiff's argument that defendant did not have standing to raise the constitutionality of the search is without merit.

▇ As to the constitutionality of the search, defendant contends that the search of the vehicle was in violation of his rights under the Fourth and Fourteenth Amendments. The Fourth and Fourteenth Amendments to the United States Constitution prohibit warrantless searches and seizures. The stopping of an automobile by the police constitutes such a seizure. *State v. Williams* (1988), 54 Ohio App.3d 117, 118, 561 N.E.2d 1038, 1039–1040. Warrantless searches are *per se* unreasonable unless an exception applies. *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585. One such exception was set forth in *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, 44 O.O.2d 383, which balanced a person's right to be free from unreasonable searches and seizures against protecting the police and the public from harm. A reasonable search for weapons is allowed absent probable cause if the officer has specific and articulable facts which, along with rational inferences from the facts, justify the search.

The standard is whether a reasonably prudent person would be warranted in believing that his or others' safety is jeopardized. The officer need not be absolutely certain that the individual is armed but may initiate a search when his suspicions are reasonably aroused. *State v. Smith* (1978), 56 Ohio St.2d 405, 407, 10 O.O.3d 515, 516, 384 N.E.2d 280, 281.

The holding in *Terry* has been extended to automobile stops. Police may frisk people for weapons during a traffic stop if there is a reasonable belief that they may be armed. *Pennsylvania v. Mimms* (1977), 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331. An officer may initiate a protective search when, based on the totality of the circumstances, there is a reasonable suspicion the person is armed. *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph two of the syllabus. However, the officer's concern for safety must be reasonable. *Smith, supra*, 56 Ohio St.2d at 409, 10 O.O.3d at 517, 384 N.E.2d at 282. If the officer's belief is reasonable, a limited search under a seat is justified even if the weapon is not in plain view. *State v. Harris* (1987), 36 Ohio App.3d 106, 107, 521 N.E.2d 835, 835–836.

However, in *State v. Brown* (1992), 63 Ohio St.3d 349, 588 N.E.2d 113, the court held that a small closed container could not be opened in a search incident to an arrest solely because of that arrest. In *Brown*, the defendant was arrested for driving under the influence of alcohol. After Brown was in the patrol car, police searched the passenger compartment and opened an unlocked box found in the glove compartment, which contained illegal drugs. The court concluded that such a search was violative of the defendant's rights under the Fourth and Fourteenth Amendments, because defendant had no way of obtaining a weapon from the car once he was under arrest and in the police vehicle. There was no probable cause or other justification for the search other than defendant's arrest.

*Brown* is applicable to the present case. Here, as in *Brown*, defendant had been removed from the vehicle, frisked and placed in the police wagon, where he remained until arrested and handcuffed. It is apparent from the record that defendant was under close supervision in the police wagon from the time he was removed from the automobile. The record also reveals that the police wagon was approximately ten feet away from defendant's vehicle. Therefore, it cannot be reasonably maintained that the contents of the vehicle remained within defendant's "immediate control" so that defendant would have access to the contents of the vehicle. Defendant had no opportunity to obtain a weapon or anything else from the vehicle at this point and, consequently, Officer Kallstrom was not justified in searching the vehicle.

For the foregoing reasons, defendant's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this

cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN and PETREE, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.