The STATE of Ohio, Appellant,

v.

RIDDLE, Appellee.

[Cite as *State v. Riddle* (1995), 104 Ohio App.3d 679.]

Court of Appeals of Ohio,
Twelfth District, Clinton County.

No. CA94–12–032.

Decided June 19, 1995.

*Fred J. Beery,* Clinton County Municipal Prosecutor, for appellant.

*Jon C. Hapner,* for appellee.

KOEHLER, Judge.

On August 19, 1994, the Clinton County Sheriff's Department executed a search warrant for evidence of drug trafficking at the "entire premises of a one story white frame residence house * * * and any other outbuildings or motor vehicles on the property of * * * 1836 East Fork Road." The magistrate issuing the warrant was "satisfied that there is probable cause to believe that officers would be exposed to risk of serious physical harm if forced to 'knock and notify.'"

Deputy Mike Jones was part of the law enforcement team executing the warrant. One of Jones's duties was to secure the scene and perimeter of the residence during execution of the warrant to ensure the safety of other law officers. As the search was in progress, a motor vehicle operated by defendant-appellee, Mark Riddle, approached the residence via a driveway where Jones was stationed. Jones and another deputy, both of whom were in uniform, stopped the vehicle and had appellee exit and identify himself. While the other deputy conducted a limited search of appellee's person for weapons, Jones asked appellee if there were any weapons in the vehicle, whereupon appellee answered negatively.

Jones then asked appellee if there were any drugs in the vehicle. Appellee replied by stating that if there were, they were not his. Appellee then denied Jones's request for permission to search the vehicle. Although Jones did not believe the warrant applied to appellee's vehicle and despite the fact he had not arrested appellee, Jones nevertheless detained appellee until a trained canine could be summoned. Based upon the animal's response when walked around the vehicle, deputies searched the automobile and found drugs and drug paraphernalia in the closed glove box.

Appellee was subsequently arrested and charged with two misdemeanor drug offenses. The trial court granted a defense motion to suppress the evidence seized from appellee's vehicle on the ground that the prolonged detention was unjustified under the circumstances, thereby rendering the subsequent search unconstitutional.

In a single assignment of error, plaintiff-appellant, the state of Ohio, asserts:

"That the trial court erred in suppressing evidence of drugs obtained during the detention of the defendant-operator of a motor vehicle driven onto the premises where a lawful search warrant for drugs was in the process of being executed."

The state presents several arguments in support of its position, the first of which claims that the valid, active warrant to search the subject premises and "motor vehicles on the property" included appellee's vehicle, which was driven

onto the premises while the search was in progress. We reject this argument for several reasons. First, the state has failed to cite, and our research fails to disclose, any supporting authority for this proposition. In addition, to accept the state's position would permit the search of every vehicle coming on to the premises during a warrant's execution. Such an interpretation, at least in this case, exceeds the scope of the warrant, which commands law enforcement officials to enter and search "motor vehicles *on* the subject property," not to enter the premises and search those vehicles on the premises and those which subsequently enter the property during the execution of the warrant. Finally, one commentator has suggested that a warrant for a certain premises does not cover the vehicle of a visitor who has pulled his automobile into the premises' driveway. See 2 LaFave, Search and Seizure (2 Ed.1987) 323, Section 4.10(c).

Having determined that the search was not justified by the existing warrant, we now turn to the issue of whether the deputies' warrantless seizure and search of appellee's automobile was constitutionally permissible.

█ It is clear that the stopping of a motor vehicle constitutes a seizure for Fourth Amendment purposes. *State v. Hines* (1993), 92 Ohio App.3d 163, 634 N.E.2d 654; *State v. Williams* (1988), 54 Ohio App.3d 117, 561 N.E.2d 1038. Thus, a warrantless search of a vehicle is *per se* unconstitutional unless the search falls under one or more of the well-established exceptions to the requirements for a warrant. *State v. Younts* (1993), 92 Ohio App.3d 708, 637 N.E.2d 64; *Hines, supra.*

█ The Fourth Amendment permits, without probable cause, a reasonable search of an individual for weapons if a law enforcement officer has specific and articulable facts which, along with rational inferences therefrom, justify the search. *Hines, supra.* This exception to the warrant requirement balances a person's right to be free from unreasonable searches and seizures against protecting the police and public from harm. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. In such cases, the standard is whether a reasonably prudent person would be warranted in believing that his or her safety is jeopardized. *Id.*

█ The officer need not be absolutely certain that the individual is armed but may initiate a search when suspicions are reasonably aroused. *State v. Smith* (1978), 56 Ohio St.2d 405, 407, 10 O.O.3d 515, 516, 384 N.E.2d 280, 281. The officer may initiate a protective search when, based upon the totality of the circumstances, there is a reasonable suspicion that the person is armed. *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489.

█ The language used in the warrant reflects a reasonable belief that officers could be exposed to the risk of serious physical harm when executing the

warrant. Consequently, one of Jones's assigned duties was to secure the perimeter of the premises to ensure the safety of law enforcement officials during the search. The deputies, while participating in the search of the premises of a suspected drug trafficker, were faced with the approach of a strange motor vehicle occupied by an unidentified individual. Under these circumstances, they had a specific and articulable basis upon which they could reasonably believe their safety and the safety of their fellow officers were in jeopardy. Accordingly, the initial stop and protective search of appellee's person were justified and constitutionally permissible.

■ However, once the deputies determined that there were no weapons on appellee's person and appellee denied that there were any weapons in the vehicle, the officers had no additional basis upon which to detain appellee. When he asked appellee if there were any drugs in the car, Deputy Jones had already determined that appellee presented no threat of harm to police officers executing the warrant. Although appellee's flippant remark caused Jones to reasonably suspect there were drugs in appellee's vehicle, it was impermissible to pose the question to appellee in the first instance. Having determined that appellee posed no threat of physical harm to law enforcement officers, the deputies had no basis upon which to further detain appellee, even though the initial stop was proper. Once the purpose of the stop was completed, the justification for the intrusion ended and any further action was impermissible. *State v. Chatton* (1984), 11 Ohio St.3d 59, 11 OBR 250, 463 N.E.2d 1237; *State v. Meyer* (July 20, 1992), Warren App. No. CA91–11–082, unreported, 1992 WL 168914. Appellee's offhand response to the deputy's question did not justify further detention of appellee or authorize the subsequent search of his vehicle.

Accordingly, the state's sole assignment of error is overruled and the trial court's judgment is affirmed.

*Judgment affirmed.*

WALSH, P.J., concurs separately.

WILLIAM W. YOUNG, J., concurs in judgment only.

WALSH, P.J., concurring separately.

I concur in the judgment and opinion of the majority. I write separately merely to address a point I believe is implicit in the majority opinion, but left unstated. As the majority correctly concludes, once the purpose of the initial investigative stop and weapons frisk had been completed and Deputy Jones had determined that appellee posed no threat to the safety of the other officers executing the search warrant, the police were not constitutionally justified in

continuing to question and detain appellee against his will until a drug dog was summoned.

Rather, at that point, the police should have instructed appellee that he could either remain at the periphery of the property until the search was completed or he could turn around and leave. However, if appellee attempted to enter the premises, the police could have properly prevented his entrance in the interest of facilitating the orderly and efficient completion of the search. Cf. *Michigan v. Summers* (1981), 452 U.S. 692, 702–703, 101 S.Ct. 2587, 2594, 69 L.Ed.2d 340, 349–350.