OPINION
Appellant Chad Thomas is appealing the decision of the Stark County Court of Common Pleas that denied his motion to dismiss and/or motion to suppress evidence seized from his person during aTerry pat-down search. The following facts give rise to this appeal.
On January 19, 1998, the Alliance Police Department executed a search warrant[1], for weapons and drugs, at Duke's Place located at 760 East Oxford Street, in Alliance. Officer Donald Bartolet participated in the execution of the search warrant. While executing the search warrant, Officer Bartolet remained downstairs, in the bar, with one other fellow officer. Appellant worked as a bartender, at Duke's Place, and was present during the execution of the search warrant. The officers had information that appellant had access to a buzz button located behind the bar that would alert the resident upstairs, David "Duke" Hill, of police presence.
Officer Bartolet asked appellant to step away from the bar and Officer Bartolet performed a pat-down search of appellant's outer clothing. During the pat-down search, Officer Bartolet felt a bulge in appellant's front, right pants pocket. Officer Bartolet described the bulge as feeling like "plastic" and "mushy". Officer Bartolet asked appellant what the bulge was and appellant responded that it was money. Officer Bartolet did not believe it was money and asked appellant to empty his pocket. Appellant removed the bulge, from his pocket, which was a plastic bag containing four packages of powdered cocaine.
At that point, Officer Bartolet advised appellant of his constitutional rights and asked appellant the weight of the packages. Appellant responded "they were quarters." Officer Bartolet understood this to mean quarter grams of cocaine. Officer Bartolet thereafter placed appellant under arrest.
The Stark County Grand Jury indicted appellant on one count of possession of cocaine on March 13, 1998. Appellant filed a motion to dismiss and/or motion to suppress the evidence seized as a result of the Terry pat-down search by Officer Bartolet. The trial court conducted a hearing on appellant's motion on May 5, 1998. Following the hearing, the trial court overruled appellant's motion.
As a result of the denial of his motion, appellant entered a plea of no contest. The trial court found appellant guilty. On June 8, 1998, the trial court sentenced appellant to a period of three years community control probation, fined appellant $1,500 and court costs, ordered appellant to perform two hundred hours community service and suspended appellant's driver's license for a period of two years.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT'S MOTION TO DISMISS AND/OR SUPPRESS THE EVIDENCE IN THAT THE OFFICER DID NOT HAVE REASONABLE GROUNDS TO BELIEVE THAT THE DEFENDANT CARRIED A WEAPON OR OTHERWISE ENDANGERED THE OFFICER'S SAFETY.
 II. THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT'S MOTION TO DISMISS AND/OR SUPPRESS THE EVIDENCE IN THAT THE WARRANTLESS SEARCH OF THE DEFENDANT'S PERSON WENT BEYOND THE PERMISSIBLE SCOPE OF A MERE PAT DOWN SEARCH.
 I, II
We will address appellant's first and second assignments of error simultaneously as both concern related issues. Appellant maintains, in his first assignment of error, the trial court erred when it overruled his motion to dismiss and/or motion to suppress because Officer Bartolet did not have reasonable grounds to believe that appellant carried a weapon or otherwise endangered the officer's safety. In his second assignment of error, appellant maintains Officer Bartolet's search exceeded the permissible scope of a pat-down search under Terry.
Appellant does not challenge the trial court's denial of his motion to dismiss and/or motion to suppress on the basis that the trial court's findings of fact are against the manifest weight of the evidence. Nor does appellant allege the trial court failed to apply the appropriate test or correct law to the findings of fact. Appellant challenges the trial court's denial of his motion to dismiss and/or motion to suppress on the basis that the trial court incorrectly decided the ultimate or final issue raised in his motion. When reviewing this type of claim, we must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93;State v. Claytor (1993), 85 Ohio App.3d 623; and State v.Guysinger (1993), 86 Ohio App.3d 592.
Appellant contends Officer Bartolet used the Terry pat-down search not only as a search for weapons, but as a search for weapons and drugs thereby exceeding the permissible scope of aTerry search. In addressing appellant's first assignment of error, we must determine whether Officer Bartolet had, under the totality of circumstances, a reasonable basis to perform a Terry
pat-down search of appellant. If we find Officer Bartolet had a reasonable basis to conduct the Terry pat-down search, we must then address appellant's second assignment of error concerning whether the search of appellant exceeded the scope of a pat-down search permitted by Terry.
In Terry, the United States Supreme Court recognized that police officers may conduct reasonable searches of individuals who are not in custody to ensure that they are not armed prior to conducting investigatory questioning. This exception to the Fourth Amendment warrant requirement allows the police to detain an individual if the officer has a reasonable suspicion, which is based upon specific and articulable facts, that criminal behavior has or is about to occur. State v. Gaston (1996), 110 Ohio App.3d 835,839. "The propriety of an investigative stop must be viewed by reviewing the totality of the circumstances." Id. [Citations omitted.]
We find, under the totality of the circumstances, Officer Bartolet had a reasonable basis to perform a Terry pat-down search. In order to initiate a Terry pat-down search, an officer need not be absolutely certain that the individual is armed but may initiate a search when suspicions are reasonably aroused.State v. Riddle (1995), 104 Ohio App.3d 679, 682, citing State v.Smith (1978), 56 Ohio St.2d 405, 407. See, also, State v. Bobo
(1988), 37 Ohio St.3d 177. In the case sub judice, officers from the Alliance Police Department were executing a search warrant for weapons and drugs. Due to the nature of the search and the potential risk involved, we find Officer Bartolet properly conducted a Terry pat-down search of appellant.
Next, we must now determine, under appellant's second assignment of error, whether Officer Bartolet exceeded the scope of the pat-down search permitted by Terry. Officer Bartolet testified to the following, at the hearing on appellant's motion to dismiss and/or motion to suppress:
 Q. * * * You said the search warrant was for drugs and weapons. And I asked in particular what the pat down, itself, was for.
 A. Ah, mainly for weapons, but also possibly he would have contraband on him as well. Tr. Hrng. July 8, 1998, at 19.
Based upon this statement, by Officer Bartolet, it is apparent the officer's search was directed at more than just discovering weapons. A search for drugs cannot be justified, under Terry, which mandates that pat-down searches be "limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby." Terry at 26. Further, Officer Bartolet admitted that he did not feel anything that felt like a weapon during the pat-down search. Tr. Hrng. July 8, 1998, at 16. Based upon this testimony, we find Officer Bartolet's search of appellant exceeded the scope permitted byTerry.
Appellant's first assignment of error is overruled. Appellant's second assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, is hereby reversed.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
[1] The search warrant was not introduced as an exhibit at the suppression hearing and therefore, is not part of the record for purposes of this appeal.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed.