OPINION
Plaintiff-appellant the State of Ohio appeals from a suppression order. The State contends that the trial court erred when it suppressed the evidence upon the ground that the initial stop of the defendant was unlawful. We agree. There was a pre-existing warrant for the defendant's arrest, which was not tainted by the alleged illegality of the stop. The evidence was obtained as the result of a search of the defendant's car, following his arrest, upon probable cause. The fact that the car was capable of being operated constituted an exigent circumstance, dispensing with the warrant requirement.
Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I
Trotwood police officer Greg Saylor was responding to a call in Trotwood, when he observed a car being driven by defendant-appellee Keith Brooks coming in the opposite direction. Saylor was within the City of Dayton at this time. It was some time after 10:00 at night, and the car being driven by Brooks had no lights on. Because Brooks avoided eye contact with Saylor, Saylor became suspicious that the car might be stolen, and effected a traffic stop. Although Brooks was not carrying identification, he provided his name and social security number. Saylor radioed this information to the Trotwood dispatcher, who ran a computer inquiry. The computer inquiry indicated that there was a warrant outstanding for Brooks' arrest.
Saylor called for Dayton police officers to come to the scene. After an interval that seemed like thirty minutes, but was probably, according to Saylor, no more than five minutes, Dayton police officer Phillip Olinger responded.
Up to this point, Brooks remained in his car. Saylor had a police dog in the back of his cruiser, and had no place to put Brooks. Brooks was sitting in his car, with the door open, and his feet outside the car.
When Olinger arrived, Saylor explained the situation. The two officers went to Brooks, who was advised that he was under arrest. Olinger then led Brooks back to his cruiser and put him in the back seat.
Meanwhile, Saylor shined his flashlight into the car. One door was already open. Saylor did not enter the car, but observed, from outside the car, using his flashlight, a plastic baggie containing marijuana between the seat and the bottom sill of the door frame. He did not remove the baggie.
While still outside the car, using his flashlight, Saylor saw through the front window on the passenger side, "along the driver's seat and transmission hump," a metallic object that looked like a gun. Saylor did not retrieve this object from the car, either.
Saylor reported his observations to Olinger, who removed both objects from the car. Both officers testified that they believed the metallic object was probably a gun, but neither was sure until it was removed from the car. It proved to be a .25 caliber gun.
Brooks was indicted for Carrying a Concealed Weapon. He moved to suppress the evidence, contending that it was obtained as the result of an unlawful search. Following a hearing on his motion to suppress, the trial court sustained the motion, finding that the evidence was obtained as the result of an unlawful stop. The State appeals from the trial court's suppression order.
 II
The State's sole assignment of error is as follows:
 THE TRIAL COURT ERRED IN SUPPRESSING THE EVIDENCE BECAUSE DEFENDANT WAS ARRESTED PURSUANT TO AN OUTSTANDING WARRANT AND AFTER THE ARREST, THERE WAS PROBABLE CAUSE TO SEARCH THE CAR.
We begin by agreeing with the State that the alleged illegality of the stop, which the State does not concede, is immaterial. A warrant was outstanding for Brooks' arrest. Olinger's authority to effect the arrest did not depend upon information obtained as the result of the stop. Therefore, the arrest cannot be viewed as the fruit of a poisoned tree represented by the allegedly unlawful stop. State v. Meyers (May 31, 1995), Montgomery App. No. 14856, unreported.
When Saylor looked inside Brooks' car, using a flashlight, that did not constitute a search. Texas v. Brown, 460 U.S. 730, at 739-740, 103 S.Ct. 1535, at 1542, 75 L.Ed.2d at 512. See, also, State v. Lang (1996), 117 Ohio App.3d 29, 35. Saylor's observations from outside Brooks' car gave rise to probable cause to believe that a plastic bag containing marijuana and a gun were in the car. As the State points out, when there is probable cause to believe that evidence or contraband is within an operable motor vehicle, there is no warrant requirement, because the motor vehicle's inherent mobility creates an exigent circumstance dispensing with the warrant requirement. Carroll v. United States
(1925), 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; see, also, Statev. Cracraft (Dec. 29, 1995), Montgomery App. No. 14809, unreported, and State v. Snyder (Aug. 10, 1994), Montgomery App. No. 14089, unreported.
Brooks cites State v. Hines (1993), 92 Ohio App.3d 163, for the proposition that police officers may not search the interior of a motor vehicle following the arrest of the driver when neither the driver nor any other person is going to have access to the contents of the vehicle. In Hines, however, the State was relying upon a search incident to an arrest, which does not require either probable cause to believe that evidence or contraband will be found in the place to be searched or exigent circumstances.
In the case before us, although the search of Brooks' automobile could not be justified as a search incident to arrest, there was probable cause to believe that evidence or contraband could be found within the motor vehicle, and the motor vehicle's inherent mobility constituted an exigent circumstance dispensing with the warrant requirement. The probable cause was derived from Saylor's observations, while outside the automobile, which did not constitute a search.
The State's sole assignment of error is sustained.
 III
The State's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause isRemanded for further proceedings consistent with this opinion.
WOLFF and YOUNG, JJ., concur.