JOURNAL ENTRY AND OPINION
The appellant, State of Ohio, appeals the decision of the trial court granting the appellee's motion to suppress evidence based on a lack of probable cause to arrest and search. For the reasons set forth below, we reverse the decision of the trial court.
Several days before the incident in question, Police Officer James J. Dunn, and his partner, Officer Robert Martin, apprehended a suspect they believed was engaged in possible drug transactions. The individual, according to the record, was not arrested. He did however, tell the officers that an individual named Larry Robinson was selling large amounts of drugs that he would have on his person. The informant also stated that Mr. Robinson used two cars, both Cadillacs, in which he hid the drugs until the point of sale. The suspect gave no further information other than the name Larry Robinson. This was the first time that the suspect had given information to the officers. Officer Dunn could not remember the suspect's name, or whether or not he was arrested or cited, just that he hung out around the corner of 125th and Arlington.
Officer Dunn and his partner relayed this information to Detective Eugene Jones, who works out of the Sixth District Vice Unit. Detective Jones entered the name "Larry Robinson" into the computer, which listed five or six individuals with the name "Larry Robinson" and the vehicles that were registered under that name along with any outstanding warrants.
Detective Jones then proceeded to the area of Arlington and Eddy Road where he had had prior encounters with an individual named Larry Robinson. Detective Jones parked his off-duty vehicle and observed the appellee inside the backseat of a Pontiac 6000. The appellee exited the vehicle and walked toward an area which Detective Jones could not see from his vehicle. The Detective observed the appellee a second time, again in the backseat of the Pontiac 6000. This time, the appellee exited the vehicle and walked into a barbecue restaurant.
At this point, the facts adduced through testimony differ. The appellee and his witnesses testified that the appellee was pulled out of the barbecue restaurant by his jacket hood by Detective Jones while he waited in line to place his order. He was handcuffed and searched, and money and two sets of car keys were found by the police.
The state's witnesses testified that they entered the barbecue restaurant and saw the appellee sitting down by himself in the corner facing the door. The appellee was then taken out of the restaurant where he was handcuffed and searched by the police. The officers found only a set of keys. There were no narcotics found on the appellee's person. Detective Jones then read the appellee his Miranda warnings. A search, alleged by Detective Jones to have been authorized by the appellee, was then conducted on the Pontiac 6000 and yielded twenty-nine grams of crack cocaine which were found tucked in the back of the front passenger seat. The appellee was then placed under arrest for a state drug law violation.
On March 28, 2000, the appellee filed a motion to suppress the evidence that had been found in the vehicle. On April 26, 2000, the trial court granted the appellee's motion to suppress after conducting a suppression hearing on April 12, 2000 and April 25, 2000. The State filed a motion for reconsideration on May 2, 2000 based upon the appellee's lack of standing to argue an illegal search. On May 9, 2000, the State filed notice of appeal and asserted the following assignment of error:
 I. DEFENDANT, LARRY ROBINSON, LACKED STANDING TO CHALLENGE THE SEARCH OF AUTOMOBILE.
 II. THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO SUPPRESS ILLEGALLY SEIZED EVIDENCE.
Appellant's first assignment of error contends that the appellee lacked the proper standing necessary to challenge the search and seizure of the automobile in question.
The rights assured under the Fourth Amendment are personal rights which can result in the exclusion of evidence when an individual's protection is infringed upon by an unlawful search and seizure. Rakas v. Illinois (1978), 439 U.S. 128, 138. Before an individual is permitted to challenge the legality of a search, he or she must first demonstrate that the search and seizure infringed upon a Fourth Amendment right. Id.
In order for a defendant to show a Fourth Amendment violation, he or she must be able to show a legitimate expectation of privacy in an area searched. Rawlings v. Kentucky (1980), 448 U.S. 98, 104 citing Katz v. United States (1967), 389 U.S. 347. Property ownership or another valid possessory interest is clearly a factor to be considered in determining whether an individual's Fourth Amendment rights have been violated, but possession of an item may not be used as a substitute for the factual findings that the owner of a seized item had a legitimate expectation of privacy in the area searched. State v. Rideau (Feb. 26, 1999), Montgomery App. No. 17002, unreported 1999 Ohio App. LEXIS 577, at 7; citing United States v. Salvucci (1980), 448 U.S. 83, 91-92; State v. Hines (1993),92 Ohio App.3d 163, 166.
In State v. Carter (1994), 69 Ohio St.3d 57, the Ohio Supreme Court held that an individual who is in lawful possession of a vehicle, although not the titled owner, does possess a legitimate expectation of privacy in the vehicle searched if he or she can demonstrate that the owner gave permission to use the vehicle. See also, State v. Hines (1993), 92 Ohio App.3d 163.
Additionally, in United States v. Cardillo (C.A. 1, 1983), 708 F.2d 29, certiorari denied (1983), 464 U.S. 1010, the court determined that the defendant, who was a passenger in a car borrowed by his son from another party, lacked standing to challenge the legality of a search because there was no evidence presented to show that the defendant had permission from the car's owner to use the vehicle. Further, one who illegally possesses or controls a vehicle does not have standing to challenge a search of the vehicle because he does not have a legitimate expectation of privacy therein. State v. Otte (1996), 74 Ohio St.3d 555, 559.
In the case at bar, the appellee repeatedly testified that he did not own the vehicle where the drugs were found. The evidence presented in the trial court showed that the keys to the vehicle were found on the appellee's person. There was, however, no evidence presented by either party as to who actually owned the vehicle. Additionally, Detective Eugene Jones testified that after receiving information about the suspected drug activity of someone named Larry Robinson, he ran a computer check on that name. Several names came up along with a listing of all motor vehicles registered under that name. Officer Jones did not testify that any of the VIN numbers obtained in the computer check related back to the vehicle that was searched.
It is the conclusion of this court that the appellee does not possess the standing necessary to challenge the police search of the vehicle. The mere possession of keys to the vehicle, taken in conjunction with the appellee's repeated testimony that he did not own the vehicle, does not demonstrate a sufficient possessory interest in the vehicle or a reasonable expectation of privacy.
While the appellee now contends that he did, in fact, have possession over the car and, therefore, had standing, this court views his repeated denials over the ownership of the vehicle during the suppression motion as more compelling than his appellate argument. Therefore, appellant's first assignment of error has merit; consequently, the second error is moot.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ FRANK D. CELEBREZZE, JR. JUDGE
MICHAEL J. CORRIGAN, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.